Green, J.
delivered the opinion of the court.
The plaintiff in error was indicted at the March term, 1846, of the Williamson Circuit Court, for an assault, with intent to commit murder in the first degree.' At the July term of the court, the Attorney General, with the assent of the court, entered a nolle prosequi as to the felony; and defendant thereupon submitted to the court, and was fined fifty dollars, and adjudged to undergo imprisonment for sixty days; from which judgment this appeal is prosecuted.
We are of opinion, that the nolle prosequi in this case discharged the defendant altogether from the accusation. There is but one count in the indictment, and that count charges the defendant with a felonious assault. It is true, by the statute, the jury might have acquitted the defendant of the felony, and *160 found him guilty of an assault, only; but it docs not follow that a nolle prosequi as to the felony can be entered, and the party still remain under the charge in the indictment for an assault. It is like the case of a charge for murder, when the party may be found guilty of manslaughter only; or the charge for robbery, when he may be found guilty of larceny. The charge of the greater offence includes the less; and the jury might find the party guilty of the less, and acquit him as to the greater; but if the charge for the greater be withdrawn, the charge for less of-fence necessarily goes with it, because by the law, the less of-fence is charged; not because the words of the indictment are appropriate to charge the offence, but because in legal contemplation, the less offence is charged in an indictment for agreater; and hence, when the charge as it stands in the indictment is withdrawn, there is nothing left upon which to try the defendant. It will not do to say, that the charge, constituted by the words of the indictment, may be withdrawn, and the legal idea of the inferior offence may be retained, upon which to try the defendant. Take the indictment for murder, and let a nolle prosequi for the murder be entered; can this be done, and the legal idea of manslaughter remain as a charge upon which to put the party on his trial? We think not. How shall he be arraigned, and to what shall he plead? Not to an indictment for murder, because that is no longer in force against him; and yet no indictment exists but the one charging him with murder; as the grand jury in finding the indictment a true bill, necessarily find the inferior offence also. It would be competent, perhaps, for the Attorney General, with the assent of the court, to strike out the words that charge the malice and felony, leaving only such as would charge the inferior offence. But in that case, there would be a subsisting indictment, upon which the party might be arraigned and tried. It is supposed the course pursued it? this case, is substantially the same thing. We do not think so. Besides, in seeking to get rid of technical forms, that have no tendency to the effectuation of justice, we must be careful that we do not go on the other extreme. Perhaps sub-stantialjustice, in a majority of cases, might be obtained, without an indictment specifically setting out the offence charged, *161 yet an indictment is not indispensable. So this man’s submission was doubtless made with a distinct understanding of the offence he intended to confess. Nevertheless, as there was no subsisting indictment against him, the court could not lawfully give judgment that he be fined and imprisoned.
The judgment must be arrested, and the defendant discharged.
Reverse the judgment.